**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:25-cv-00287-MR-WCM**

| | | |
|---|---|---|
| **MCKIBBON HOTEL GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **EMPLOYERS INSURANCE COMPANY OF WAUSAU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the Defendant Employers Insurance Company of Wausau's Motion to Dismiss [Doc. 18]; the Magistrate Judge's Memorandum and Recommendation [Doc. 21] regarding the disposition of that motion; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the above-referenced motion and to submit a recommendation for its disposition. On July 16, 2026, the Magistrate Judge filed a Memorandum and Recommendation in this case, recommending that the Defendant's motion to dismiss the Chapter 75 claim

be granted. [Doc. 21]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed its Objection on July 30, 2026. [Doc. 22]. The Defendant filed its Reply on August 13, 2026. [Doc. 23]. This matter is now ripe for disposition.

In its Objections, the Plaintiff objects to the Memorandum and Recommendation in so far as it recommends dismissal of its Chapter 75 claim. [Doc. 22]. In the Conclusion section of its memorandum, the Plaintiff stated that: "Alternatively, [the Plaintiff] asks that this Court grant the motion to dismiss without prejudice, with leave to replead." [Id. at 24].

Regarding the Plaintiff's request for the Court to dismiss the Chapter 75 claim without prejudice, the Court construes this argument as a request for leave to amend. This Court's Local Rules clearly state that motions are not to be included in responsive briefs and that each motion must be set forth in a separately filed pleading. LCvR 7.1(c)(2). The Plaintiff's request, contained in the Conclusion section of its memorandum, was therefore not proper.

Moreover, the Plaintiff had twenty-one days from the filing of the Defendant's Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendant in its motion. See

Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend its Complaint within the time required. Having failed to amend its Complaint and to address the deficiencies identified by the Defendant, the Plaintiff left the Court with no option but to address the Defendant's motion on its merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend its Complaint. See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage. Accordingly, the Plaintiff's request to amend its Complaint is denied.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 21] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 18] is **GRANTED**, and the Plaintiff's Chapter 75 claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 28, 2026

Martin Reidinger
Chief United States District Judge